UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRY DANDRIDGE,

            Petitioner,

-vs-

SUPERINTENDENT FITZPATRICK

            Respondent.

**DECISION AND ORDER**
**No. 08-CV-00270T**

_____

## I. Introduction

Through counsel, Petitioner Terry L. Dandridge ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered January 21, 2000, in New York State, Supreme Court, Erie County, convicting him, after a jury trial, of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15 [4]) and Robbery in the Second Degree (Penal Law § 160.10 [1]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

On October 3, 1998, Suzette Licht ("Licht") was working in loss prevention as a store detective for the Bon-Ton department store on Sheridan Drive in Amherst, New York. Late that afternoon, Licht noticed two men, whom she had seen in the store a day earlier, in the men's coat area as she was coming down an escalator. Trial Trans. [T.T.] 143, 149-150. As she watched the

two men, they began to grab coats off the rack. She called for them to stop, but they ran, with their arms full of coats, toward an exit. T.T. 150. Licht chased the two men out of the store and followed them to a blue Cadillac that was waiting outside. T.T. 151. One of the men got in the back seat of the Cadillac and closed the door. The other man got in the front passenger seat of the Cadillac, but was unable to close the door because the coats were in the way. T.T. 155. Licht approached the passenger side, reached inside, and attempted to grab the coats. As she was doing so, she looked up at the driver, who was wearing a blue satin baseball jacket. T.T. 156-159. Petitioner placed his right hand inside his jacket, pulled out a gun, and pointed it at Licht. Licht backed up and away from the vehicle, and the men drove off. T.T. 158-159, 160-162. When the vehicle stopped at a stop sign, Licht wrote down the license plate number. She then ran back into the store, hid under a counter, and told another employee to call 911. T.T. 1662-164, 192, 195.

On December 23, 1998, Petitioner was indicted by an Erie County Grand Jury and charged with robbery in the first degree and robbery in the second degree.

Prior to trial, a Wade[1] hearing was held, wherein the trial court denied Petitioner's motion to suppress Licht's identification testimony, finding no suggestiveness in an October 7, 1998 photo

---

[1] United States v. Wade, 388 U.S. 218 (1967) (due process clause precludes states from obtaining evidence through unduly suggestive identification procedures).

array. The trial court further determined that a March 11, 1999 corporeal viewing of Petitioner by Licht in the foyer of the Amherst Town Court was not subject to review because it was not police-induced. See Mem. Decision and Order of the Supreme Court, Erie County (Hon. Ronald H. Tills), Ind. No. 98-2785-001, dated 04/23/99, 2-3.

A jury trial was held before the Honorable Ronald H. Tills from August 9 to August 12, 1999. Petitioner was found guilty as charged and was sentenced as a second violent felony offender to a determinate term of twenty years imprisonment for the robbery in the first degree conviction and a concurrent determinate term of fifteen years imprisonment for the robbery in the second degree conviction. Sentencing Mins. [S.M.] 8-9.

Petitioner's judgment of conviction was unanimously affirmed by the Appellate Division, Fourth Department on February 3, 2006. People v. Dandridge, 26 A.D.3d 779 (4th Dept. 2006). Petitioner failed to seek leave to appeal.

Subsequently, Petitioner filed a motion to vacate his judgment of conviction, pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10, on the grounds that he received ineffective assistance of trial counsel. That motion was denied by the Supreme Court, Erie County on March 13, 2007. See Decision of the Supreme Court, Erie County (Hon. Penny M. Wolfgang), Ind. No. 98-2785-001, dated 03/13/07. Leave to appeal was denied. See Decision of the Appellate

Division, Fourth Department (Hon. Elizabeth W. Pine), Ind. No. 98-2785-001, dated 06/27/07 (Resp't Ex. C).

Thereafter, Petitioner, through counsel, filed a motion for a writ of error coram nobis on the ground that he received ineffective assistance of appellate counsel. That motion was summarily denied by the Appellate Division, Fourth Department on September 28, 2007. People v. Dandridge, 43 A.D.3d 1454 (4th Dept. 2007); lv. denied, 9 N.Y.3d 1032 (2008).

The instant habeas corpus petition followed, wherein Petitioner seeks relief on the ground that he was deprived of his Sixth Amendment right to the effective assistance of appellate counsel. Pet. ¶ 22A (Dkt. #1).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by

[the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.  Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

## IV. Petitioner's Claim

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner contends that he was deprived of his Sixth Amendment right to the effective assistance of appellate counsel. More specifically, Petitioner argues that appellate counsel was ineffective for failing to raise the following issues on direct appeal: (1) ineffective assistance of trial counsel based on trial counsel's failure to object to, *inter alia*, the trial court's voir dire restrictions and the prosecutor's race-neutral reason for a peremptory challenge, and for failure to move to suppress identification testimony on the grounds of a Payton[2] violation; and (2) a challenge to Petitioner's non-appearance at the second day of the Wade hearing. Pet. ¶ 22A; see also Pet'r Amended Coram Nobis Application, (Resp't Ex. E). Petitioner raised this claim in his coram nobis application, which was summarily denied by the Appellate Division, Fourth Department. Dandridge, 43 A.D.3d at 1454. Summary denial of Petitioner's motion constitutes an adjudication on the merits of this claim. Sellen v. Kuhlman, 261 F.3d at 303, 311-12 (2d Cir. 2001).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under "prevailing professional

---

[2] According to Payton v. New York, 445 U.S. 573 (1980), absent exigent circumstances or consent, "the police must obtain a warrant before entering a suspect's home to make a routine felony arrest." Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006), (citing Payton, 445 U.S. at 589).

norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). This standard applies equally to trial and appellate counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. Id. at 533-34; Smith v. Robbins, 528 U.S. 259, 285 (2000). Moreover, counsel is not required to raise all colorable claims on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, counsel may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." Id. at 751-53. A petitioner may establish constitutionally inadequate performance if he shows that his appellate counsel omitted material and obvious issues while pursuing matters that were patently and significantly weaker. See Mayo, 13 F.3d at 533.

The Court finds that Petitioner has failed to demonstrate that his appellate counsel's conduct was constitutionally deficient, and that, but for the alleged deficiency, the result of his appeal would likely have been different.

At the outset, the Court notes that appellate counsel submitted a thorough, well-researched brief in which he persuasively argued four issues on direct appeal. See Appellate Br. of 06/06/05, Points I-IV (Resp't Ex. B). Indeed, as Petitioner correctly points out, all four of these issues were adjudicated unpreserved. Nonetheless, the Appellate Division, Fourth Department did review two of these issues on the merits, using its discretionary jurisdiction, pursuant to C.P.L. § 470.15[6][a], in the interest of justice. That appellate counsel raised *only* unpreserved claims does not, by itself, lead to a finding of ineffective assistance of counsel. See Tung v. Fischer, 01-CV-3877 (JG), 2003 U.S. Dist. LEXIS 22901, *47-8 (E.D.N.Y. Dec. 22, 2003) (even though appellate counsel raised only one ground for appeal, which was adjudicated unpreserved, appellate counsel not ineffective under Strickland); Richburg v. Hood, 794 F. Supp. 75, 78 (E.D.N.Y. July 7, 1992) (finding that appellate counsel's decision to raise an unpreserved issue on direct appeal and to address said issue to the "interest of justice" jurisdiction of the appellate court does not, by itself, constitute deficient performance within the meaning of Strickland). Further, even if the decision of appellate counsel to raise four unpreserved issues was an unprofessional error, Petitioner has not established that the result of his appeal would have been different absent the error.

Moreover, Petitioner has failed to show that the issues he faults appellate counsel for failing to raise on direct appeal are meritorious. Appellate counsel cannot be faulted for failing to raise non-meritorious issues, as discussed below. United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999), cert. denied, 531 U.S. 811 (2000).

**(1) Trial Counsel Failed to Object to the Trial Court's Restrictions During Voir Dire**

Petitioner faults appellate counsel for failing to raise an ineffective assistance of counsel claim based on trial counsel's failure to object to the trial court's restrictions during voir dire. Pet. ¶ 22A; see also Pet'r Amended Coram Nobis Application, pg. 10-11 (Resp't Ex. E). This claim is meritless.

As an initial matter, the Court notes that a trial court has broad discretion to determine the scope and nature of voir dire. See United States v. Lawes, 292 F.3d 123, 128 (2d Cir. 2002). Here, the record reflects that, prior to the commencement of voir dire, the court advised both counsel that each would be allowed ten minutes to question each panel of prospective jurors and that they were to avoid discussion of legal matters, as such matters were within the purview of the trial court. Jury Selection Mins. [J.S.] 2-3. As Petitioner correctly points out, defense counsel did not object to the trial court's initial restriction, thereby leaving the issue unpreserved for appellate review. However, the Court cannot discern from the record -- nor has Petitioner alleged -- any

way in which the court's voir dire restrictions, which were generic in nature and equally directed at both parties, curtailed or interfered with defense counsel's performance during voir dire. Thus, there was no reason for trial counsel to have objected to the court's voir dire restrictions. The Court cannot find, therefore, that appellate counsel's decision not to raise this non-meritorious issue was unreasonable. This portion of Petitioner's ineffective assistance of appellate counsel claim is denied.

### (2) Trial Counsel Failed to Object to Prosecutor's Race-Neutral Reason for Peremptory Challenge

Petitioner faults appellate counsel for failing to raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the prosecutor's race-neutral reason for a peremptory challenge regarding Juror 17. Pet. ¶ 22A; see also Pet'r Amended Coram Nobis Application, pg. 7-9 (Resp't Ex. E). This claim lacks merit.

First, the Court notes that appellate counsel did raise this issue on direct appeal, although he presented it as an error by the trial court in crediting the prosecutor's reasons for exercising the peremptory challenge, and not as ineffective assistance of trial counsel for failure to preserve the issue. Notably, the Appellate Division, Fourth Department found that the claim was unpreserved, but, in any event, lacked merit.[3]

---

[3] The Appellate Division, Fourth Department found as follows: "In any event, by denying [Petitioner's] Batson challenge, the court thereby implicitly determined that the race-neutral explanations given by the prosecutor for exercising peremptory challenge[] with respect to th[e] prospective juror[] were not pretextual. We conclude that the court was in

The record reflects that, during jury selection, the prosecutor, when requested by the trial court to provide a reason for his challenge to Juror 17, explained that she was "young" and did not "appear to have much in the way of life experience in one manner or another." J.S. 108. Referring to her demeanor, the prosecutor explained that Juror 17 seemed "timid" in her responses to the court's questions, and that he did not believe she would adequately express her views in deliberations. Id. It is likely that trial counsel heard the prosecutor's explanation and determined that it was race-neutral and legally unassailable under Batson,[4] such that it was unnecessary for him to argue that the prosecutor's explanation was pretextual. See United States v. Franklin, 157 F.3d 90, 97 (2d Cir. 1998); Rodriguez v. Walsh, 00-CV-663 (NG), 2002 U.S. Dist. LEXIS 12082 (E.D.N.Y. July 3, 2002) (finding that where prosecutor did not discriminate on basis of race under Batson, trial counsel was not ineffective for failing to argue pretext). Thus, the Court cannot find that it was

---

the best position to observe the demeanor of the prospective juror[] and the prosecutor, and its [implicit] determination that the prosecutor's explanation[s] [were] race-neutral and not pretextual is entitled to great deference." Dandridge, 26 A.D.3d at 779-80 (internal citations and quotations omitted)

[4] The federal constitution prohibits both the prosecution and defense from exercising peremptory challenges in a racially discriminatory manner. Georgia v. McCollum, 505 U.S. 42 (1992); Batson v. Kentucky, 476 U.S. 79 (1986). The determination of whether a party has exercised peremptory challenges in a discriminatory manner entails a three-step process: (1) a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; (2) if that showing had been made, the prosecution must offer a race-neutral basis for striking the juror in question; and (3) in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination. See Batson, 476 U.S. at 96-8.

unreasonable for appellate counsel not to have raised an ineffective assistance of counsel claim on these grounds. This portion of Petitioner's ineffective assistance of appellate counsel claim is denied.

### (3) Trial Counsel Failed to Move to Suppress Identification Testimony on the Grounds of a Payton Violation

Petitioner faults appellate counsel for failing to raise an ineffective assistance of trial counsel claim based on trial counsel's failure to move to suppress identification testimony on the grounds of a Payton violation. Pet. ¶ 22A; see also Pet'r Amended Coram Nobis Application, pg. 13-19 (Resp't Ex. E). This claim fails on its face.

Petitioner speculates that there may have been a Payton violation when the police arrested him in his home on October 29, 1998, some three weeks after Licht identified him in a photo array. Consequently, he contends that trial counsel was ineffective for failing to pursue the issue and move accordingly. Petitioner, however, does not point to any evidence to substantiate this claim, nor is there anything in the record that suggests that counsel possessed knowledge or information that would have provided the basis for a Payton claim. As such, Petitioner's claim fails on its face. See Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (federal courts should not grant "habeas relief on the basis of little more than speculation with slight support"); see Osinoiki v. Riley, CV No. 90-2097(RR), 1990 U.S. Dist. LEXIS 13327, at *6-7 (E.D.N.Y.

Sept. 28, 1990) (conclusory statements based on speculation "are inadequate to satisfy petitioner's burden").

Finally, regarding this issue, the Court notes that trial counsel did move for and was, in fact, granted a suppression hearing pursuant to Wade, at which he zealously argued for suppression of Licht's identification testimony. To that extent, the Court cannot conclude that trial counsel's failure to seek suppression of the identification testimony on the grounds of a Payton violation fell outside the category of "omissions by counsel that might be considered sound trial strategy." Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005).

Accordingly, Petitioner has failed to demonstrate that appellate counsel's failure to raise this claim on direct appeal was unreasonable, given the facts and circumstances of this case. This portion of Petitioner's ineffective assistance of appellate counsel claim is denied.

### (4) Failure to Challenge Petitioner's Non-Appearance at the Second Day of the Wade Hearing

Petitioner faults appellate counsel for failing to challenge Petitioner's non-appearance at the second day of the Wade hearing. Pet. ¶ 22A; see also Pet'r Amended Coram Nobis Application (Resp't Ex. E). This claim lacks merit.

Indeed, as Petitioner contends, the record reflects that he was not, in fact, present on the second day of the Wade hearing, which was the day that eyewitness Licht testified. Hearing Mins.

[H.M.] of 03/17/99. However, the record further reflects that prior to the date of the hearing, Petitioner had signed an affidavit indicating that he voluntarily waived his appearance at the <u>Wade</u> hearing, and that such waiver was made after discussion with his attorney. H.M. 2. Given that identification was the pivotal issue in Petitioner's case, it is likely that trial counsel strategically advised Petitioner to waive his appearance at the second day of the <u>Wade</u> hearing so that Licht would not have another opportunity to observe Petitioner. Thus, the Court cannot find that it was unreasonable for appellate counsel not to argue this non-meritorious issue on direct appeal. This portion of Petitioner's ineffective assistance of appellate counsel claim is denied.

Overall, the record reflects that Petitioner received competent, effective representation from appellate counsel. Accordingly, the Court finds that the state court's determination of this issue did not contravene or unreasonably apply settled Supreme Court law. The claim is denied.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of

appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate
Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 16, 2010
         Rochester, New York